## C. LEDWIDGE *v.* R. H. SHORT ET AL.

**Damages—Value—Amount—Taken as True—Law and Facts Submitted to the Court.**

The "Law and Facts having been submitted to the court without the intervention of a jury, and the court being advised etc, adjudged etc." Held, that the foregoing recital very clearly implies that a trial by a jury was waived and the facts as well as the law submitted to the court. Therefore, it will be presumed that every fact was proven necessary to authorize the judgment.

**Motion for a New Trial—Reasons Therefore.**

A motion for a new trial was made within the time prescribed, by law but no reasons therefore were filed; Held, that merely handing the grounds for a new trial to the clerk is not sufficient; an order must be made showing they were filed under the authority of the court.

APPEAL FROM FULTON CIRCUIT COURT.

October 15, 1868.

OPINION OF THE COURT BY JUDGE PETERS:

It is insisted first, that under *Sec. 153 of Civ. Code* mere allegations of value, or amount of damages shall not be taken as true if not answered, and must be proved. The judgment recites in this case, that the "law, and facts arising herein being submitted to the court without the intervention of a jury, and the court being advised, &c., adjudged, &c." The foregoing recital very clearly implies that a trial by a jury was waived by the agreement of parties, and the facts as well as the law submitted to the court, as they had a right to do under *Sec. 361 Civ. C.* and as the issues of

fact were submitted, we must presume in the absence of any bill of exceptions, that every fact was proved necessary to authorize the judgment, including the amount of damages sustained.

A motion for a new trial may have been made within the time prescribed, but no reasons therefor were filed, merely handing them to the clerk was not sufficient. The court must be notified, and an order made showing they were filed under the authority of the court, which is not done.

This court cannot decide that the amended answer was improperly rejected; it is not before us, no bill of exceptions was taken, incorporating the amendment offered, so as to identify the rejected paper, and the mere statement of the clerk is insufficient, as has often been held by this court.

No errors are perceived available for a reversal, and the judgment must be *affirmed*.

*James, for appellant.*

*Rodman, for appellee.*